IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **PENSION BENEFIT GUARANTY CORPORATION**<br>1200 K Street, N.W., Suite 340<br>Washington, D.C. 20005<br><br>**Plaintiff,**<br><br>v.<br><br>**C.R. MOBIL, INC.**<br>281 Del Rio Blvd.<br>Boca Raton, Florida 33432<br><br>**Defendant.** | Case No. 9:19-cv-80556 |

**COMPLAINT FOR PENSION PLAN TERMINATION**

Plaintiff Pension Benefit Guaranty Corporation ("PBGC") files this Complaint against Defendant C.R. Mobil, Inc. ("C.R. Mobil"), as plan sponsor and administrator of the C.R. Mobil, Inc. Defined Benefit Pension Plan (the "Pension Plan"), and states as follows:

1. This action arises under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1301-1461 (2012 & Supp. V. 2017).

2. PBGC brings this action, pursuant to 29 U.S.C. §§ 1342(a), 1342(c) and 1348(a), seeking an order: (a) terminating the Pension Plan; (b) appointing PBGC as the statutory trustee of the Pension Plan; (c) establishing November 30, 2018 as the termination date for the Pension Plan; and (d) directing C.R. Mobil, its officers, directors, employees, agents, and any other person or entity having possession, custody or control of any records, assets or other property of the Pension Plan, to transfer, convey, and deliver all such records, assets and property to PBGC.

## JURISDICTION AND VENUE

3. This Court has exclusive jurisdiction of this action pursuant to 29 U.S.C. §§ 1303(e)(3) and 1342(c) and (f).

4. Venue properly lies in this Court under 29 U.S.C. §§ 1303(e)(2) and 1342(g). Defendant C.R. Mobil's principal place of business was located in Lake Worth, Florida, and upon a move from that property, its last known address is 281 Del Rio Boulevard, Boca Raton, Florida 33432.

## PARTIES

5. Plaintiff PBGC is a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the defined benefit pension plan termination insurance program created by Title IV of ERISA. When an underfunded pension plan terminates, PBGC provides the timely and uninterrupted payment of pension benefits to plan participants and their beneficiaries. 29 U.S.C. §§ 1302(a)(2), 1321, 1322.

6. Defendant C.R. Mobil is a Florida corporation located at 281 Del Rio Boulevard, Boca Raton, Florida 33432, and is the Plan administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1301(a)(1) and 1002(16)(A). Upon information and belief, C.R. Mobil owned and operated two retail gasoline convenience stores in south Florida until it ceased operations in 2011. PBGC became aware of C.R. Mobil and potential issues with the Pension Plan in 2014. Thereafter, PBGC contacted C.R. Mobil's owner, Christos Rigopoulos, who in January 2015 informed PBGC that he transferred C.R. Mobil's assets – but not the Pension Plan – to a gasoline wholesaler as a form of debt relief. Since this conversation, Mr. Rigopoulos and C.R. Mobil have been unresponsive to PBGC's numerous attempts to obtain further information and address the Pension Plan.

## THE PENSION PLAN

7. The Pension Plan is a single-employer, defined benefit pension plan that is covered by Title IV of ERISA. *See* 29 U.S.C. § 1321(a).

8. The Pension Plan was established as an Internal Revenue Code section 412(i) plan, which must be funded with life insurance and annuity contracts. Contributions to the Pension Plan consist of premiums on these policies and annuities. The Pension Plan contained four life insurance policies and six annuity contracts. C.R. Mobil last paid premiums on the policies and annuities in 2008.

9. Upon information and belief, C.R. Mobil's owner Christos Rigopoulos liquidated all annuity and life insurance contracts related to the Pension Plan.

10. As of November 30, 2018, the Pension Plan is estimated to be underfunded by approximately $891,297. The Pension Plan has seven participants, and at least two of those participants have reached normal retirement age under the terms of the Pension Plan.

11. C.R. Mobil is the contributing sponsor of the Pension Plan within the meaning of 29 U.S.C. § 1301(a)(13).

## STATUTORY BACKGROUND

12. PBGC is authorized by 29 U.S.C. § 1342 to commence proceedings in the appropriate U.S. district court to terminate a defined benefit pension plan whenever PBGC determines such plan does not have assets available to pay benefits that are currently due under its terms. *See* 29 U.S.C. § 1342(a).

13. PBGC is also authorized by 29 U.S.C. § 1342 to commence proceedings in the appropriate U.S. district court to terminate a defined benefit pension plan whenever PBGC determines that such termination is necessary to protect the interests of the plan's participants or

to avoid an unreasonable increase in the liability of the PBGC insurance fund. *See* 29 U.S.C. § 1342(c).

14. When an underfunded defined benefit pension plan terminates, PBGC typically becomes the statutory trustee of the plan and, subject to certain statutory limitations, uses PBGC's insurance funds to pay the plan's unfunded benefits. *See* 29 U.S.C. § 1322.

15. A district court may grant the relief sought and appoint PBGC as statutory trustee if termination is necessary to, inter alia, protect the interests of plan participants or to avoid an unreasonable increase in the liability of the PBGC insurance fund, pursuant to 29 U.S.C. § 1342(c).

16. Pursuant to 29 U.S.C. § 1348(a)(4), a district court establishes the date of termination of a defined benefit pension plan covered by Title IV when PBGC and the plan administrator have not agreed on a date of plan termination.

17. Pursuant to 29 U.S.C. § 1342(c), a trustee for a defined benefit pension plan shall be appointed by the court upon granting a decree of plan termination. Further, 29 U.S.C. § 1342(b) provides that PBGC may request that it be appointed as trustee of a defined benefit pension plan in any case.

## CAUSE OF ACTION

18. PBGC has determined, pursuant to 29 U.S.C. § 1342(a), that the Pension Plan does not have assets available to pay benefits that are currently due under the plan's terms because C.R. Mobil ceased paying premiums on the Pension Plan's life insurance policies and annuities, and because C.R. Mobil's owner liquidated the value of the Pension Plan's life insurance policies and annuities.

19. PBGC has also determined that termination of the Pension Plan is necessary to

protect the interests of participants, pursuant to 29 U.S.C. § 1342(c), and that the Pension Plan's termination date should be November 30, 2018.

20. On November 30, 2018, in accordance with 29 U.S.C. § 1342(c), PBGC issued a Notice of Determination (the "Notice") to C.R. Mobil, as plan administrator of the Pension Plan, notifying it that PBGC had determined that the Pension Plan does not have assets available to pay benefits that are currently due under the terms of the Pension Plan, and that the Pension Plan must be terminated to protect the interests of its participants. A copy of the Notice is attached as Exhibit 1.

21. On November 30, 2018, PBGC also sent letters to Pension Plan participants notifying them that PBGC had determined that the Pension Plan should be terminated and was taking steps to assume responsibility for the Pension Plan as the plan's statutory trustee. A representative example of such letters is attached as Exhibit 2.

22. PBGC requested that C.R. Mobil execute an agreement that would terminate the Pension Plan and appoint PBGC as trustee of the Pension Plan under 29 U.S.C. § 1342(c). To date, C.R. Mobil has not signed such agreement.

23. As of the filing of this Complaint, PBGC and the Pension Plan administrator, C.R. Mobil, have not agreed on a date of plan termination.

24. November 30, 2018, should be established as the date of the Pension Plan's termination pursuant to 29 U.S.C. § 1348(a)(4). As of that date, the Pension Plan was facing imminent abandonment due to C.R. Mobil's cessation of operations. Furthermore, as of that date, due to the PBGC's notice to each, the Pension Plan's participants no longer had any justifiable expectations of the Pension Plan continuing.

25. Pursuant to 29 U.S.C. § 1342(c), a trustee for a pension plan shall be appointed by

the court upon granting a decree of plan termination.  Further, 29 U.S.C. § 1342(b) provides that PBGC may request that it be appointed as trustee of a plan in any case.

26.    PBGC is ready, willing, and able to serve as the statutory trustee of the Pension Plan.

## REQUEST FOR RELIEF

WHEREFORE, PBGC requests that this Court grant judgment for PBGC and issue an order granting the following relief:

1.    Adjudicating that the Pension Plan is terminated pursuant to 29 U.S.C. § 1342(c);

2.    Appointing PBGC statutory trustee of the Pension Plan pursuant to 29 U.S.C. § 1342(c);

3.    Establishing November 30, 2018, as the termination date of the Pension Plan pursuant to 29 U.S.C. § 1348(a)(4);

4.    Directing C.R. Mobil and any other person or entity having possession, custody or control of any records, assets or other property of the Pension Plan, to transfer, convey and deliver all such records, assets, and property to PBGC as statutory trustee upon request under 29 U.S.C. § 1342(d)(1); and

5.    Granting such other relief as the Court deems just and proper.

*(This space intentionally left blank)*

Dated: April 24, 2019  
Washington, D.C.

Respectfully submitted,

/s/ Simon J. Torres
---

JUDITH R. STARR  
General Counsel  
KARTAR KHALSA  
Deputy General Counsel  
C. WAYNE OWEN, JR.  
Assistant General Counsel  
SIMON J. TORRES (Special Bar ID # A5502086)  
Attorney  
PENSION BENEFIT GUARANTY CORPORATION  
Office of the General Counsel  
1200 K Street, N.W.  
Washington, D.C. 20005  
Telephone: (202) 326-4020, ext. 6074  
Fax: (202) 326-4112  
Emails: torres.simon@pbgc.gov and  
      efile@pbgc.gov

*Counsel for Plaintiff Pension Benefit Guaranty Corporation*